## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APPLEBEE'S RESTAURANTS LLC, a Delaware limited-liability company; APPLEBEE'S FRANCHISOR LLC, a Delaware limited-liability company, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. _____ |
| vs. | )<br>) |
| MICHAEL D. OLANDER SR.,<br>Serve at:  1600 Mount Vernon Church Road<br>          Raleigh, North Carolina 27614 | )<br>)<br>)<br>) |
| Defendant. | ) |

### COMPLAINT

Plaintiffs Applebee's Restaurants LLC ("Applebee's Restaurants") and Applebee's Franchisor LLC ("Applebee's Franchisor") (collectively, "Applebee's"), by and through the undersigned counsel, and for their Complaint against Defendant Michael D. Olander, Sr. ("Defendant" or "Olander"), allege as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. This breach-of-contract action arises from the wholesale breach by Defendant and various franchisees controlled by Defendant of 131 franchise agreements with Applebee's, the franchisor of a well-known casual dining restaurant chain known as Applebee's Neighborhood Grill & Bar.

2. Among other obligations under each of the franchise agreements, the franchisees controlled by Defendant were required to make regular payments to Applebee's for royalties, advertising fees, and other fees.

3. In or around October 2016, the franchisees for the 131 restaurants breached the franchise agreements and unilaterally stopped paying royalties and advertising fees to Applebee's. Through October 2017, the franchisees owe approximately $13,273,662.88.

4. Defendant, as a principal shareholder of the franchisees, is a direct party to the franchise agreements and guaranteed, and is jointly and severally liable for, each franchisee's financial obligations to Applebee's under the franchise agreements, including without limitation payment of the outstanding royalties and advertising fees due to Applebee's.

5. Defendant is also a direct party to two promissory notes held by Applebee's and is jointly and severally liable for principal and interest amounts due to Applebee's under those promissory notes.

6. With this action, Applebee's seeks to recover outstanding royalties and advertising fees and the amounts due under the promissory notes.

**PARTIES**

7. Plaintiff Applebee's Restaurants is a Delaware limited-liability company with its principal place of business in Glendale, California. The sole member of Applebee's Restaurants is Applebee's Funding LLC, a Delaware limited-liability company with its principal place of business in Glendale, California. The sole member of Applebee's Funding LLC is Applebee's SPV Guarantor LLC, a Delaware limited-liability company with its principal place of business in Glendale, California. The sole member of Applebee's SPV Guarantor LLC is Applebee's International, Inc., a Delaware corporation with its principal place of business in Glendale, California. Thus, for purposes of 29 U.S.C. § 1332, Plaintiff Applebee's Restaurants is a citizen of Delaware and California.

8. Plaintiff Applebee's Franchisor is a Delaware limited-liability company with its principal place of business in Glendale, California. The sole member of Applebee's Franchisor

2

is Applebee's Funding LLC, a Delaware limited-liability company with its principal place of business in Glendale, California. The sole member of Applebee's Funding LLC is Applebee's SPV Guarantor LLC, a Delaware limited-liability company with its principal place of business in Glendale, California. The sole member of Applebee's SPV Guarantor LLC is Applebee's International, Inc., a Delaware corporation with its principal place of business in Glendale, California. Thus, for purposes of 29 U.S.C. § 1332, Plaintiff Applebee's Franchisor is a citizen of Delaware and California.

9. Defendant Olander is a resident and citizen of the State of North Carolina. Defendant Olander may be served with a summons and a copy of this Complaint at the following address: 1600 Mount Vernon Church Road, Raleigh, North Carolina 27614.

## JURISDICTION AND VENUE

10. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

11. Venue is proper in this Court because, as more fully detailed below, the parties contractually agreed to this Court as the venue for their disputes and/or a substantial part of the events or omissions giving rise to Applebee's claims occurred in this district.

12. Defendant is subject to personal jurisdiction in this Court because Defendant (1) as more fully detailed below, consented to personal jurisdiction in this Court; (2) entered into a contract in Kansas and/or with an entity with its principal place of business in Kansas at the time of contracting; (3) entered into a contract that was to be performed, in whole or in part, in Kansas; and (4) otherwise has the necessary minimum contacts with Kansas.

3

## BACKGROUND FACTS

13. Applebee's is a franchisor of nationally recognized restaurants known as Applebee's Neighborhood Grill & Bar restaurants in the bar-and-grill sector of the casual-dining industry.

14. Pursuant to individual franchise agreements, Applebee's and/or its affiliates grants franchisees the right to operate specific restaurants, providing all necessary intellectual property licenses, and obtains franchisees' agreement to operate the restaurants for a specific, defined term. In exchange for these and other benefits and services, Applebee's receives payments from franchisees principally in the form of monthly royalty fees, based on the restaurants' revenues, and advertising fees.

### The Franchise Agreements

15. Between about 1983 and 2015, Applebee's and/or its predecessor entities entered into 131 franchise agreements ("the Franchise Agreements") with the following entities affiliated with and/or controlled by Defendant: (1) O.K. Apple, Inc.; (2) Green Apple, LLC; (3) Apple Gold, Inc.; and (4) New Apple, Inc. (collectively, "the Olander Franchisees"). A schedule of the Franchise Agreements, associated restaurants, and royalties and advertising fees due under each Franchise Agreement is attached to this Complaint as **Exhibit A**, and is fully incorporated by reference.

16. The Franchise Agreements granted the Olander Franchisees the right to operate the restaurants. The relevant terms of the Franchise Agreements, including those regarding the Olander Franchisees' obligation to pay royalties and advertising fees to Applebee's, are substantially similar, if not identical. A true and correct copy of a representative Franchise Agreement, as amended and with all addenda, is attached to this Complaint as **Exhibit B**, and is fully incorporated by reference.

4

105614792\V-9

17.     Applebee's Restaurants and Applebee's Franchisor, between them, are either original parties to the Franchise Agreements or successors-in-interest to the Franchise Agreements by merger or assignment.

18.     In the Franchise Agreements, the Olander Franchisees or their assignees were designated the "Franchisee" and Defendant Olander, and at times other entities, were designated a "Principal Shareholder(s)."

19.     Under the Franchise Agreements, the Olander Franchisees agreed to "operate the Restaurant[s] and perform as required hereunder for the full term of this Agreement." Ex. B, ¶ 1.5.

20.     Under the Franchise Agreements, the Olander Franchisees agreed to operate the associated restaurant through the initial term and to pay Applebee's, among other things, a monthly royalty fee based each calendar month's gross sales. Ex. B, ¶¶ 1.2, 9.1(b) and Exhibit 1 thereto.

21.     Under the Franchise Agreements, the Olander Franchisees also agreed to pay Applebee's a monthly advertising fee, which, like the royalty fee, was also based on each calendar month's gross sales. Ex. B, ¶¶ 8.2, 9.1(c).

22.     Under the Franchise Agreements, the Olander Franchisees and Olander agreed that the prevailing party in any legal proceeding to enforce the provisions of the Franchise Agreements shall be paid its reasonable attorneys' fees and expenses by the other party or parties:

> In the event that any party to this Agreement initiates any legal proceeding to construe or enforce any of the terms, conditions and/or provisions of this Agreement, including but not limited to . . . its provisions requiring [the Olander Franchisees] to make certain payments to [Applebee's] incident to the operation of the Restaurant, or to obtain damages or other relief to which any such party may be entitled by virtue of this Agreement, the prevailing

>party or parties shall be paid its reasonable attorneys' fees and expenses by the other party or parties.

Ex. B, ¶ 19.3.

23.     In the majority of the Franchise Agreements, the Olander Franchisees and Defendant agreed to a choice-of-law provision in favor of Kansas law and agreed to submit to this Court's jurisdiction for any dispute relating to the Franchise Agreements:

>**21.2**    [OLANDER FRANCHISEES] AND [OLANDER] ACKNOWLEDGE THAT [APPLEBEE'S] MAY GRANT NUMEROUS FRANCHISES THROUGHOUT THE UNITED STATES ON TERMS AND CONDITIONS SIMILAR TO THOSE SET FORTH IN THIS AGREEMENT, AND THAT IT IS OF MUTUAL BENEFIT TO [OLANDER FRANCHISEES] AND [OLANDER] AND TO [APPLEBEE'S] THAT THESE TERMS AND CONDITIONS BE UNIFORMLY INTERPRETED.  THEREFORE, THE PARTIES AGREE THAT TO THE EXTENT THAT THE LAW OF THE STATE OF KANSAS DOES NOT CONFLICT WITH LOCAL FRANCHISE STATUTES, RULES AND REGULATIONS, KANSAS LAW SHALL APPLY TO THE CONSTRUCTION OF THIS AGREEMENT AND SHALL GOVERN ALL QUESTIONS WHICH ARISE WITH REFERENCE HERETO; PROVIDED HOWEVER, THAT PROVISIONS OF KANSAS LAW REGARDING CONFLICTS OF LAW SHALL NOT APPLY HERETO.
>
>**21.3**    THE PARTIES AGREE THAT ANY CLAIM, CONTROVERSY OR DISPUTE ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE PERFORMANCE THEREOF WHICH CANNOT BE AMICABLY SETTLED, EXCEPT AS OTHERWISE PROVIDED HEREIN, MAY, AT THE OPTION OF THE CLAIMANT, BE RESOLVED BY A PROCEEDING IN A COURT IN JOHNSON COUNTY, KANSAS, AND [OLANDER FRANCHISEES] AND [OLANDER] EACH IRREVOCABLY ACCEPT THE JURISDICTION OF THE COURTS OF THE STATE OF KANSAS AND THE FEDERAL COURTS SERVING JOHNSON COUNTY, KANSAS FOR SUCH CLAIMS, CONTROVERSIES OR DISPUTES.

Ex. B, ¶ 21.3 (emphasis in original).

24. In some of the Franchise Agreements, the above-referenced choice-of-law and forum-selection provisions were originally in favor of Texas and Missouri law and forums. However, the forum-selection provisions in those Franchise Agreements were either permissive or were later amended to be in line with the above-referenced choice-of-law and forum-selection provisions and in favor of Kansas law and forum.

### Defendant's Unconditional Guaranty and Other Obligations under the Franchise Agreements

25. Under the Franchise Agreements, Olander agreed to the following unconditional guaranty of the Olander Franchisees' obligations:

> [Olander] personally and unconditionally guarantees each of [the Olander Franchisees'] financial obligations to [Applebee's] (including, but not limited to, all obligations relating to the payment of fees by [the Olander Franchisees] to [Applebee's]). [Olander] agrees that [Applebee's] may resort to [Olander] (or any [Principal Shareholder]) for payment of any such financial obligations, whether or not [Applebee's] shall have proceeded against [the Olander Franchisees], any other Principal Shareholder or any other obligor primarily or secondarily obligated to [Applebee's] with respect to such financial obligation. [Olander] hereby expressly waives presentment, demand, notice of dishonor, protest and all other notices whatsoever with respect to [the Olander Franchisor]'s enforcement of this guaranty.

Ex. B, ¶ 11.5.

26. From time to time, Assignment Agreements were executed in conjunction with certain of the Franchise Agreements, under which one entity with an interest in the Olander Franchisee would transfer all of its right, title and interest in, to and under the Franchise Agreement to a different entity.

27. However, under the Assignment Agreements, the Olander Franchisee remained liable under the Franchise Agreements.

7

28. Under the Assignment Agreements, Defendant remained a Principal Shareholder under the Franchise Agreements and acknowledged that he would continue to be subject to, and would comply with, the obligations of the Principal Shareholder set forth in the Franchise Agreements.

29. Under the Franchise Agreements, Applebee's is not required to seek recourse against the Olander Franchisees before seeking payment from Olander as a Principal Shareholder and guarantor.

**The Olander Franchisees' Non-Payment of Royalties and Advertising Fees**

30. The Olander Franchisees are obligated to pay a percentage of monthly gross sales to Applebee's as royalties under Sections 1.2 and 9.1(b) of the Franchise Agreements.

31. Under Section 8.2 and 9.1(c) of the Franchise Agreements, the Olander Franchisees are required to pay a percentage of monthly gross sales into an advertising fund for national advertising purposes.

32. An Applebee's franchisee's failure to pay into the advertising fund results in a decrease in total national advertising funds available to Applebee's franchisees and, thereby, causes harm to Applebee's and all of Applebee's franchisees.

33. Beginning in October 2016, the Olander Franchisees stopped paying royalties and advertising fees due under the Franchise Agreements.

34. Despite their non-payment of royalties and advertising fees, the Olander Franchisees continued to operate the large majority of the restaurants using the Applebee's trademarks.

35. At no point did Applebee's waive or otherwise consent to the Olander Franchisees' non-payment of royalties and advertising fees.

36. The Olander Franchisees' failure to pay royalties and advertising fees is a material breach of the Franchise Agreements.

37. As a result of the Olander Franchisees' non-payment, Applebee's has been damaged and suffered lost royalties and advertising fees of approximately $13,273,662.88 and is continuing to suffer lost royalties and advertising fees.

38. As the unconditional guarantor of the Olander Franchisees' obligations under the Franchise Agreements, Defendant is jointly and severally liable for the unpaid royalties and advertising fees.

**Applebee's, the Olander Franchisees, and Defendant Olander
Enter Into Termination Agreements for Certain Restaurants**

39. On or about November 3, 2016, Applebee's Restaurants, the Olander Franchisees, and Defendant entered into termination agreements permitting closure of three of the Olander Franchisees' restaurants and termination of the franchise agreements for those restaurants ("Termination Agreements").

40. Under the Termination Agreements, several provisions of the terminated Franchise Agreements survive indefinitely after the termination, including, but not limited to, "b) guaranty of each Principal Shareholder pursuant to Section 11.5; [and] c) payment of royalties, advertising or other fees, charges and expenses pursuant to Section 9 or any other provisions of the Franchise Agreement[s] for amounts accrued or incurred through the Closing Date."

41. According to the Termination Agreements, Defendant remains liable under the Franchise Agreements.

**The Olander Franchisees' and Defendant Olander's Execution
of Promissory Notes In Conjunction with a Settlement Agreement**

42. On or about December 29, 2016, Applebee's Restaurants, the Olander Franchisees, and Defendant entered into a settlement agreement in which Applebee's Restaurants

9

105614792\V-9

consented to the Olander Franchisees' closure of nine restaurants ("Settlement Agreement"), and the parties agreed to terminate the respective franchise agreements for such closed restaurants as of an agreed-upon closure date. A true and correct copy of the Settlement Agreement, with all exhibits, is attached to this Complaint as **Exhibit C**, and is fully incorporated by reference.

43. Under the Settlement Agreement, several provisions of the terminated Franchise Agreements survive indefinitely after the termination, including, but not limited to, "b) guaranty of each Principal Shareholder pursuant to Section 11.5; [and] c) payment of royalties, advertising or other fees, charges and expenses pursuant to Section 9 or any other provisions of the Designated Franchise Agreement[s] for amounts accrued or incurred through the closure date." Ex. C, ¶ 1.

44. Under the Settlement Agreement, Defendant remains liable under the Franchise Agreements. Ex. C, ¶ 1(b).

45. Under the Settlement Agreement, the Olander Franchisees and Defendant, jointly and severally, agreed to a termination fee of $1,000,000.00. Ex. C, ¶ 2(a).

46. The Olander Franchisees and Defendant executed a promissory note in conjunction with the Settlement Agreement for payment of the $1,000,000.00 termination fee ("the $1,000,000 Note"). A true and correct copy of the $1,000,000 Note is attached to this Complaint as **Exhibit D**, and is fully incorporated by reference.

47. Under the $1,000,000 Note, the principal balance of $1,000,000.00 was to be paid no later than June 30, 2017.

48. To date, neither the Olander Franchisees nor Defendant has made any payment toward the $1,000,000 Note.

49. Under the Settlement Agreement, the Olander Franchisees and Defendant acknowledged they were in default of a separate $522,000.00 promissory note executed on April 1, 2016 ("the April 1, 2016 Note").  Ex. C, ¶ 8.

50. Under the Settlement Agreement, Applebee's Restaurants agreed to waive the Olander Franchisees' and Defendant's default under the April 1, 2016 Note and cancel the April 1, 2016 Note if the Olander Franchisees and Defendant executed a replacement promissory note in the principal sum of $256,164.00.  Ex. C, ¶ 8.

51. The Olander Franchisees and Defendant executed a replacement promissory note in the principal sum of $256,164.00 in conjunction with the Settlement Agreement ("the Replacement Note") (collectively, with the $1,000,000 Note, "the Notes").  A true and correct copy of the Replacement Note is attached to this Complaint as **Exhibit E**, and is fully incorporated by reference.

52. Under the Replacement Note, the principal balance was to be paid in two installments: (1) the first installment of $100,000 was due and payable upon execution and delivery of the Replacement Note; and (2) the second installment in the amount of $156,164.00 was due and payable no later than June 30, 2017.

53. On or about December 29, 2016, Defendant made the first installment payment of $100,000 on the Replacement Note.

54. To date, neither the Olander Franchisees nor Defendant has made the second installment payment or any additional payments on the Replacement Note.

55. The Notes provide that "[a]ny payment of Principal not paid when due shall bear interest thereafter at the rate of 8% per annum until paid."

56. Defendant agreed under the Notes that he is in default if he fails to timely make any payment due or commits a default under any Franchise Agreement.

11

57. The Notes provide that "[u]pon default and so long as such default is continuing, [Applebee's] may declare all Principal and other charges owed hereunder to be immediately due and payable and may exercise all other rights, and seek all other remedies, available at law or in equity . . . Upon default, Holder shall also be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred by [Applebee's] to collect any amount due hereunder."

58. Under the Settlement Agreement, the Olander Franchisees and Defendant "acknowledge[d] and agree[d] that any default under the [Notes] shall be a default under this Agreement and shall entitle [Applebee's] to seek all damages and other remedies available under applicable law." Ex. C, ¶¶ 2(a), 8.

59. Defendant is in default of the Settlement Agreement and the Notes and continues to accrue unpaid interest on the principal amounts due and owing to Applebee's.

60. Under the Settlement Agreement and the Notes, the Olander Franchisees and Defendant agreed to a choice-of-law provision in favor of Kansas law. Ex. C, ¶ 12; Ex. D; Ex. E.

**Applebee's Notice of Breach to the Olander Franchisees and Defendant Olander**

61. On or about September 14, 2017, Applebee's provided notice to the Olander Franchisees and Defendant of the Olander Franchisees' material breach of the Franchise Agreements stemming from the Olander Franchisees' nonpayment of royalties and advertising or other fees from October 2016 forward. A true and correct copy of the September 14, 2017 Notice is attached to this Complaint as **Exhibit F**.

62. As of September 14, 2017, the amount of unpaid royalties and advertising fees due and owing by Defendant Olander was $11,226,993.

63. Neither the Olander Franchisees nor Defendant Olander has made any payment toward the overdue amount.

64. The Olander Franchisees and Defendant have failed to cure the default under the Franchise Agreements.

65. The Olander Franchisees remain in default of, and Defendant remains liable under, the Franchise Agreements and continue to accrue unpaid royalties and advertising fees for some or all of the restaurants.

### COUNTS 1-131
### BREACH OF CONTRACT
### (Franchise Agreements)

66. Applebee's incorporates the preceding paragraphs as if fully set forth herein.

67. Each of the 131 Franchise Agreements is a duly executed, valid and binding contract, supported by sufficient consideration, between Applebee's and Defendant.

68. Applebee's has performed, or stood willing to perform, all or substantially all of the obligations required of it under the Franchise Agreements, or Applebee's was otherwise excused from such performance.

69. All conditions required by the Franchise Agreements for Defendant's performance thereunder have occurred or were excused.

70. Defendant has breached the Franchise Agreements by refusing to pay the royalties and advertising or other fees owed by the Olander Franchisees and for which Defendant is liable as an unconditional guarantor.

71. As a direct result of Defendant's breach of the Franchise Agreements, Applebee's has been deprived of the benefits to which it is entitled under the Franchise Agreements and has suffered damages, including, but not limited to, the loss of monthly royalty and advertising fees due under the Franchise Agreements.

72. As a direct and proximate result of Defendant's breach, Applebee's has incurred harm and suffered damages.

WHEREFORE, Applebee's prays that the Court enter judgment in its favor and against Defendant for:

    a.    Such damages, to the extent that are recoverable in this action, as Applebee's has sustained as a result of Defendant's breaches of the Franchise Agreements;

    b.    The costs and expenses incurred in bringing this action, including Applebee's reasonable attorneys' fees pursuant to Paragraph 19.3 of the Franchise Agreements;

    c.    Pre- and post-judgment interest; and

    d.    Such other and further relief as the Court deems appropriate.

### COUNT 132
### BREACH OF CONTRACT
### (Settlement Agreement - The $1,000,000 Note)

73.    Applebee's incorporates the preceding paragraphs as if fully set forth herein.

74.    The Settlement Agreement and the $1,000,000 Note are duly executed, valid and binding contracts, supported by sufficient consideration, between Applebee's and Defendant.

75.    Applebee's has performed, or stood willing to perform, all or substantially all of the obligations required of it under the Settlement Agreement and the $1,000,000 Note, or Applebee's was otherwise excused from such performance.

76.    All conditions required by the Settlement Agreement and the $1,000,000 Note for Defendant's performance thereunder have occurred or were excused.

77.    Defendant has breached the Settlement Agreement and the $1,000,000 Note by refusing to pay the principal amount of $1,000,000.00 due and owing as of June 30, 2017.

105614792\V-9

78. As a direct result of Defendant's breach of the Settlement Agreement and the $1,000,000 Note, Applebee's has been deprived of the benefits to which it is entitled under the Settlement Agreement and the $1,000,000 Note and has suffered damages.

79. As a direct and proximate result of Defendant's breach, Applebee's has incurred harm and suffered damages.

WHEREFORE, Applebee's prays that the Court enter judgment in its favor and against Defendant for:

a. Such damages, to the extent that are recoverable in this action, as Applebee's has sustained as a result of Defendant's breach of the Settlement Agreement and the $1,000,000 Note;

b. The costs and expenses incurred in bringing this action, including Applebee's reasonable attorneys' fees pursuant to the $1,000,000 Note;

c. Pre- and post-judgment interest; and

d. Such other and further relief as the Court deems appropriate.

### COUNT 133
### BREACH OF CONTRACT
### (Settlement Agreement - The Replacement Note)

80. Applebee's incorporates the preceding paragraphs as if fully set forth herein.

81. The Settlement Agreement and the Replacement Note are duly executed, valid and binding contracts, supported by sufficient consideration, between Applebee's and Defendant.

82. Applebee's has performed, or stood willing to perform, all or substantially all of the obligations required of it under the Settlement Agreement and the Replacement Note, or Applebee's was otherwise excused from such performance.

83. All conditions required by the Settlement Agreement and the Replacement Note for Defendant's performance thereunder have occurred or were excused.

15

84. Defendant has breached the Settlement Agreement and the Replacement Note by refusing to pay the second installment payment of principal in the amount of $156,164.00, which was due and owing as of June 30, 2017.

85. As a direct result of Defendant's breach of the Settlement Agreement and the Replacement Note, Applebee's has been deprived of the benefits to which it is entitled under the Settlement Agreement and the Replacement Note and has suffered damages.

86. As a direct and proximate result of Defendant's breach, Applebee's has incurred harm and suffered damages.

WHEREFORE, Applebee's prays that the Court enter judgment in its favor and against Defendant for:

    a. Such damages, to the extent that are recoverable in this action, as Applebee's has sustained as a result of Defendant's breach of the Settlement Agreement and the Replacement Note;

    b. The costs and expenses incurred in bringing this action, including Applebee's reasonable attorneys' fees pursuant to the Replacement Note;

    c. Pre- and post-judgment interest; and

    d. Such other and further relief as the Court deems appropriate.

## COUNT 134
## UNJUST ENRICHMENT

87. Applebee's incorporates the preceding paragraphs as if fully set forth herein.

88. Alternatively, Applebee's conferred a benefit upon Defendant, including the right to operate restaurants and use the Applebee's trademarks in his operation of the restaurants.

89. Defendant appreciated the benefit conferred upon him by Applebee's through the continued operation of the restaurants and use of Applebee's intellectual property.

16

90. Defendant had knowledge of the benefit conferred upon him by Applebee's.

91. Defendant was enriched at the expense of Applebee's.

92. Defendant accepted and retained the benefit conferred upon him by Applebee's, including the revenue generated by the restaurants using the Applebee's trademarks, under circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

WHEREFORE, Applebee's prays that the Court enter judgment in its favor and against Defendant for:

    a. The value of the benefit Applebee's conferred upon Defendant, which Defendant retained without payment of its value;

    b. The costs and expenses incurred in bringing this action, including Applebee's reasonable attorneys' fees;

    c. Pre- and post-judgment interest; and

    d. Such other and further relief as the Court deems appropriate.

## JURY DEMAND

Applebee's demands a trial by jury on all claims or issues so triable.

Date: November 9, 2017

Respectfully submitted,

DENTONS US LLP

By: /s/ Brian P. Baggott
Brian P. Baggott, KS Bar #26364
Samantha J. Wenger, KS Bar #25322
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
816-460-2400 - Telephone
816-531-7545 - Facsimile
brian.baggott@dentons.com
samantha.wenger@dentons.com

ATTORNEYS FOR PLAINTIFFS

17

18